David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS
1904 Franklin Street, Suite 800
Oakland, California 94612
Telephone: (510) 832-3605
Facsimile: (510) 832-3610

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA WOLF; ROGER CRAIG in his capacity as Guardian ad Litem for the minor NICHOLAS H., | )  No.  2:08-CV-00964-FCD-GGH )<br>) **STIPULATION AND ORDER FOR** ) **LEAVE TO FILE AMENDED** ) **COMPLAINT** |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CITY OF STOCKTON; OFFICER DARREN SANDOVAL, individually and in his in his official capacity as police officer for the CITY OF STOCKTON; OFFICER ERIC AZARVAND, individually and in his official capacity as police officer for the CITY OF STOCKTON; DOES 1-20, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

**IT IS HEREBY STIPULATED** between the parties that plaintiffs be granted leave to

file the amended complaint attached hereto as Exhibit "A."

DATED: June 25, 2009

/s/ David J. Beauvais
DAVID J. BEAUVAIS
Attorney for Plaintiffs

STIPULATION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT

DATED: June 30, 2009

/s/ Charmaine Jackson
CHARMAINE JACKSON
Attorney for Defendants

**IT IS SO ORDERED.**

DATED: July 13, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

STIPULATION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT

David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS
1904 Franklin Street, Suite 800
Oakland, California 94612
Telephone: (510) 832-3605
Facsimile: (510) 832-3610

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA WOLF; ROGER CRAIG in his capacity as Guardian ad Litem for the minor NICHOLAS H., | )  No.  2:08-CV-00964-FCD-GGH )<br>)<br>) **AMENDED COMPLAINT FOR** ) **DAMAGES** )<br>) Violation of Civil Rights ) Title 42, U.S. Code Section 1983 )<br>) Jury Trial Demanded |
| Plaintiffs, | ) )<br>) |
| vs. | )<br>)<br>) |
| CITY OF STOCKTON; OFFICER DARREN SANDOVAL, individually and in his in his official capacity as police officer for the CITY OF STOCKTON; OFFICER ERIC AZARVAND, individually and in his official capacity as police officer for the CITY OF STOCKTON; DOES 1-20, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiffs allege:

## JURISDICTION AND VENUE

1.  This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332 and 1343.

2.  The conduct upon which this suit is based occurred in this judicial district.

AMENDED COMPLAINT FOR DAMAGES

1

3.  Plaintiffs are informed and believe and on that basis alleges that each of the named defendants resides in this judicial district.

## PARTIES

4.  Plaintiff SONYA WOLF is the parent and legal custodian of the minor plaintiff, NICHOLAS H.

5.  ROGER CRAIG has been duly appointed to act as Guardian ad Litem for the minor NICHOLAS H.

6.  Defendant CITY OF STOCKTON is a local public entity situated in the State of California and organized under the laws of the State of California.

7.  Defendant DARREN SANDOVAL is, and was at all times mentioned herein, a police officer and in doing the things hereinafter alleged, acted under color of state law as an agent of the CITY OF STOCKTON police department.

8.  Defendant ERIC AZARVAND is, and was at all times mentioned herein, a police officer and in doing the things hereinafter alleged, acted under color of state law as an agent of the CITY OF STOCKTON police department.

9.  Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 20. Plaintiffs are informed and believe and on that basis alleges that said DOES are each responsible in some manner for the injuries plaintiffs sustained herein and that each of the defendants is the agent, servant, or employee of the others in doing the acts complained of herein and acted within the scope of that agency or employment. Plaintiffs will amend their complaint to allege the identities of the DOES when ascertained.

10.  In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee and in concert with each of the remaining defendants.

## STATEMENT OF FACTS

11.  In the evening of September 8, 2006, plaintiff parked her van in a Denny's parking lot at 2670 West March Lane in Stockton. Approximately 40 minutes later, defendants Sandoval and Azarvand appeared at the van and proceeded to pound on its doors, resulting in several large dents

AMENDED COMPLAINT FOR DAMAGES

to the van. Plaintiff ignored the initial banging hoping that the defendants would assume no one was in the van and decide to leave. Shortly thereafter, one of the defendants opened an unlocked front door, flashed a light in the vehicle and ordered plaintiff to step out.  When plaintiff stepped out, the officers informed her that they had received a complaint that a child was living in the van. They asked if Nicholas was inside.  The officers then confirmed that Nicholas H.'s father, Douglas Hollingsworth, had made the complaint.

12.   The defendants demanded entry into the vehicle to perform a welfare check.  Plaintiff told them that they could not enter without a warrant.  The defendants stated that they had every right to enter the van because the welfare of a child was involved.

13.   Plaintiff proceeded in the direction of the front door to close it because she was afraid that her dogs would get out.  Officer Azarvand blocked her path, placed his hands on her shoulders and pushed her away saying "we're in charge now."

14.   Plaintiff made her way to the back of the vehicle and called out to Nicholas H. to lock the doors.  She continued to refuse the defendants' demands to enter the vehicle to speak to Nicholas H. She also denied that she lived in the van and told defendants that she lived with her mother.  When defendants asked for the address, plaintiff said that she knew the street name but that she would call her mother to find out the exact location.

15.   The defendants then grabbed plaintiff and forced her to a police car, handcuffed her and grabbed the cell phone she was using to speak to her attorney at the time, and threw here into the back of the patrol car.  She was not told that she was under arrest.

16.   Ten minutes later, Azarvand informed plaintiff that animal control would be contacted to take her dogs and that Child Protective Services would be taking Nicholas into custody. Azarvand stated that plaintiff's lack of cooperation was the reason for this actions. When plaintiff told him that she would cooperate and urged him to call her mother, Azarvand told her it was too late.

AMENDED COMPLAINT FOR DAMAGES

17.  Plaintiff was left alone in the police car for approximately 20-30 minutes befor Azarvand entered the vehicle and declared that he needed to speak with Nicholas.  Plaintiff informed the car keys were in her pocket.  Azarvand removed them.

18.  The defendants interrogated Nicholas through the back door of the van.

19.  After being kept in the patrol car for an hour, plaintiff was released from the vehicle and the handcuffs were removed.  The defendants informed her that they would let her go on condition that she allowed them to search the van.  They explained that her initial refusal aroused suspicion that she was concealing something, such as illegal substances.

20.  At the defendants' request, plaintiff secured the dogs.  Defendants proceeded to rummage through plaintiffs' personal belongings and asked if she had any food in the van. Plaintiff responded that she had left over pizza but no other food inasmuch as she did not live in the van.

21.  Defendants informed plaintiff that they would forward a report to Child Protective Services and recommended that she take Douglas Hollingsworth back to court in reference to their report.  Defendants asked to see plaintiff's custody order, which she produced.

22.  The defendants had no reasonable cause to believe that Nicholas was in any danger at the time of the entry and therefore acted contrary to federal constitutional standards that required a warrant.

23.  The entry and illegal search were not necessary to avert any perceived harm to Nicholas' welfare.

## STATEMENT OF DAMAGES

24.  As a direct and proximate result of the incident alleged in this complaint, plaintiffs sustained injuries and damages including, but not limited to: pain, suffering,  injuries to their bodies, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to their general damage in an amount according to proof.

//

//

AMENDED COMPLAINT FOR DAMAGES

25.   In doing the things alleged herein, defendants Sandoval and Azarvand acted willfully and maliciously and in reckless or callous disregard of the plaintiffs' rights justifying an award of punitive damages in accordance with proof.

26.   Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

**COUNT ONE**
Violation of Civil Rights
Title 42 U.S.C. Section 1983
(Defendants Sandoval and Azarvand Only)

27.   Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 26 of this complaint.

28.   In doing the acts complained of herein, defendants Sandoval and Azarvand  acted under color of state law to deprive plaintiffs as alleged herein, of constitutionally protected rights including, but not limited to:

(a)  the right not to be deprived of liberty without due process of law;

(b)  the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process;

(d) the right to be free from unreasonable searches and seizures;

(e) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being;

(f) the right to be free from the use of excessive force.

29.  As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**WHEREFORE**, plaintiffs pray for relief as hereinafter set forth.

AMENDED COMPLAINT FOR DAMAGES

## COUNT TWO
Violation of Civil Rights
Title 42, U.S.C § 1983
(City of Stockton Only)

30.   Plaintiffs reallege and incorporates herein by reference the allegations set forth in paragraphs 1 through 29 of this complaint.

31.   The unlawful entry into the vehicle and the search constituted part of a pattern and practice of the City of Stockton to violate the rights of parents and children to be free from unwarranted invasion of their home and their bodily integrity as described in paragraph 24 of this complaint.

32.   The failure of the City to train defendants Sandoval and Azarvand in constitutional standards relevant to their employment was the proximate cause of harm to the plaintiffs.

33.   As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**WHEREFORE,** plaintiffs pray for relief as hereinafter set forth.

### JURY TRIAL DEMAND

34.   Plaintiffs demand a jury trial in this matter.

### PRAYER

**WHEREFORE**, plaintiffs pray for judgment against the defendants as follows:

1.   General damages according to proof against all defendants;

2.   Special damages according to proof against all defendants;

3.   Punitive damages according to proof against defendants Sandoval and Azverand;

4.   Attorneys' fees pursuant to statute against all defendants;

5.   Costs of suit; and

6.   For such other and further relief as the court deems appropriate.

DATED: June 25, 2009

/s/ David J. Beauvais
DAVID J. BEAUVAIS

AMENDED COMPLAINT FOR DAMAGES

6

AMENDED COMPLAINT FOR DAMAGES